**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-0801-WJM-NRN

APEG ENERGY II, LP,

    Plaintiff,

v.

DAVID VELTRI,

    Defendant, and

U.S. ENERGY CORPORATION,

    Nominal Defendant.

## ORDER GRANTING PLAINTIFF'S RULE 41 MOTION TO DISMISS

Before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice and Reimbursement of Attorneys' Fees and Expenses ("Rule 41 Motion"). (ECF No. 80.) The character of relief Plaintiff requests has changed over time. The Rule 41 Motion itself argues that, as of the date of its filing (September 18, 2019):

- Plaintiff's two claims for relief (a declaration that Defendant had been validly terminated as CEO of U.S. Energy, and an injunction against Defendant continuing to act as CEO) had become moot through this Court's appointment of the Custodian, and through the Custodian's subsequent actions;

- the Custodian had accomplished his purposes and so should be discharged; and

- Plaintiff qualified for reimbursement of its attorneys' fees under a Wyoming statute, so "the Court should set a schedule for [Plaintiff's] application for attorneys' fees."

(*Id.* at 2–9.)

In response, Defendant argued that:

- the Custodian's duties were not finished until he convened a shareholder meeting to elect a five-member board of directors;

- dismissal of the action and discharge of the Custodian before that would require notice to shareholders under Federal Rule of Civil Procedure 23.1(c) because it would throw the board of directors back into a potential 2-2 deadlock; and

- Plaintiff should not be awarded attorneys' fees because it did not deserve them.

(ECF No. 90 at 8–15.)

In reply, Plaintiff changed course slightly. Plaintiff agreed with Defendant that the Custodian should be allowed to convene the shareholder meeting and ensure an election of a full board of directors before his discharge, and before dismissal of Plaintiff's claims. (ECF No. 92 at 2–3.) As for attorneys' fees, Plaintiff insisted—despite the Rule 41 Motion's three-page argument in favor of a fee award—that it was only asking for "a schedule for [its] application," meaning Defendant's substantive objections were "premature." (*Id.* at 6.)

The Custodian convened a shareholder meeting on December 10, 2019, and a full board of directors was elected at that meeting. (ECF No. 96, ¶ 2.) This concluded

the Custodian's duties as assigned by this Court, and so the Court discharged the Custodian on December 17, 2019.  (ECF No. 98.)  That same day, the Court ordered Defendant to "file a supplement to his response brief explaining what objection he still has, if any, to Plaintiff's motion, and the legal basis for preventing Plaintiff from dismissing its own suit."  (ECF No. 99.)  In his supplement, Defendant states that he "no longer objects to the dismissal of the action if and only if proper notice is given to the shareholders so that shareholders may object to the application for attorneys' fees." (ECF No. 100 at 3 n.3.)

The Court has three observations in these somewhat unusual circumstances. First, there is no longer any dispute that Plaintiff's claims for relief are moot and so this action should be dismissed.  Second, the Court need not enter any schedule for an attorneys' fee application.  Should Plaintiff wish to file such an application, the default schedule under Rule 54(d)(2), as well as the requirements of D.C.COLO.LCivR 54.3, continue to control.  The Court also expresses no opinion about whether Plaintiff has met the standard for seeking a fee award.  Third, there is no legal requirement that all shareholders be notified of this dismissal simply so they can be on the lookout for an attorneys' fees application that Plaintiff will probably file.  Defendant, who has manifested the an incentive to oppose an award of attorneys' fees, is certainly on the lookout already.  Accordingly, shareholder notice is unnecessary at this stage.[1]

Therefore, for the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Voluntary Dismissal Without Prejudice and Reimbursement of Attorneys' Fees and Expenses (ECF No. 80) is GRANTED to the extent

---

[1] The Court reserves the right to order shareholder notice of the application itself, if filed, and if notice appears appropriate.

Plaintiff seeks to voluntarily dismiss this lawsuit, but otherwise DENIED;

2. This action is DISMISSED without prejudice as moot; and

3. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 31st day of December, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge

4